# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| GREGORY RYAN WEBB | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 3:25-cv-00020 |
| v. | ) |
| | ) Judge Weverly D. Crenshaw, Jr. |
| TN UNEMPLOYMENT and | ) |
| JOSH TOLLETT MASONRY | ) Magistrate Judge Frensley |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOSH TOLLETT MASONRY'S MOTION TO DISMISS

Defendant Josh Tollett Masonry ("JTM" or "Defendant"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Memorandum of Law in support of its Motion to Dismiss all claims against it contained in the Amended Complaint filed by Plaintiff Gregory Ryan Webb with prejudice, for failure to state a claim upon which relief can be granted.

As argued more fully below, even reading the Amended Complaint in a light most favorable to Plaintiff, the apparent claims of stalking, harassment, conversion, entrapment, assault, denial of unemployment, and denial of right to religion do not any allege any specific conduct on behalf of JTM, and all claims against JTM should be dismissed for failure to state a claim upon which relief may be granted.

## FACTS AND PROCEDURAL HISTORY

Plaintiff's Amended Complaint[1] alleges that Plaintiff was laid off from his employment with Josh Tollett Masonry in October 2022.[2] The Amended Complaint makes numerous other

---

[1] Plaintiff's Amended Complaint ("Am. Coml.") filed on January 29, 2025, is substantially similar to the original Complaint filed on January 3, 2025.
[2] Am. Compl. p. 1.

1

allegations against other parties, which appear to be related to other cases that Plaintiff has filed in the Middle District of Tennessee.[3] However, reading the Amended Complaint in a light most favorable to Plaintiff, as required at the Rule 12 stage, the Amended Complaint appears to assert the following claims against JTM: wrongful termination, stalking, harassment, conspiracy, entrapment, denial of unemployment, theft/conversion, assault, obstruction of justice, and violation of freedom of religion.

## RULE 12 LEGAL STANDARD

When considering a complaint, a trial court generally applies the Rule 12(b)(6) standard.[4] The movant and trial court must accept "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"[5] However, an assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

The Amended Complaint in this case consists of "bare allegations" presented without the necessary "factual context" to "render [them] plausible and thus entitle [them] to a presumption of

---

[3] While an inmate at the Cumberland County Sheriff's Department, Plaintiff filed multiple cases that have now been dismissed. See *Gregory Ryan Webb v. Lewana Castillo Webb, et al.*, Case No. 2:23-cv-00009, Docket Entry No. 17; *Gregory Ryan Webb v. Board of Judicial Conduct, et al.*, Case No. 2:23-cv-00010, Docket Entry No. 25; *Gregory Ryan Webb v. Lewana Castillo Webb*, Case No. 2:23-cv-00012, Docket Entry No. 11; *Gregory Ryan Webb v. Craig Fickling, et al.*, Case no. 2:23-cv-00013, Docket Entry No. 19; *Gregory Ryan Webb v. Gary McKenzie, et al.*, Case No. 2:23-cv-00014, Docket Entry No. 3; *Gregory Ryan Webb v. Sheriff Casey Cox*, Case No. 2:23-cv-00020, Docket Entry No. 7; *Gregory Ryan Webb v. Bryant Dunaway, et al.*, Case No. 2:23-cv-00017, Docket Entry No. 12; *Gregory Ryan Webb v. Ivy Gardner Mayberry, et al.*, Case No. 2:23-cv-00025, Docket Entry No. 10; *Gregory Ryan Webb v. Tracking System*, 2:23-cv-00029, Docket Entry No. 7; *Gregory Ryan Webb v. Lewana Castillo Webb*, Case No. 2:23-cv-00032, Docket Entry No. 6; *Gregory Ryan Webb v. Republican Party of Cumberland County, TN*, Case No. 2:24-cv-00039, Docket Entry No. 30; *Gregory Ryan Webb v. State of Tennessee*, Case No. 2:24-cv-00040, Docket Entry No. 22. Plaintiff has continued to file additional actions, including the instant case and a similar case against Defendant and other parties in *Gregory Ryan Webb v. Jessica Danielle Hill, et al.*, Case No. 3:25-cv-00019; *see also Gregory Ryan Webb v. DHS Dayton, TN*, Case No. 3:25-cv-00021; *Gregory Ryan Webb v. Verizon Wireless Crossville, TN*, 3:25-cv-00022.
[4] *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).
[5] *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).
[6] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

truth at this stage in the litigation."[7] Where a party is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to *pro se* complaints."[8]

LAW AND ARGUMENT

1. Wrongful termination

With respect to termination of Plaintiff's employment, Plaintiff does not state that that his termination was wrongful in any way, only that he was terminated in 2022.[9] To the extent that Plaintiff may have a cause of action under Title VII of the Civil Rights Act, it is not timely under the applicable statute of limitations, and Plaintiff has not shown that he filed timely charges with the Equal Employment Opportunity Commission (EEOC) or received a right-to-sue letter from the EEOC.[10] Similarly, to the extent that the Amended Complaint seeks to assert a claim under the Tennessee Human Rights Act, the facts alleged make it clear that the applicable one-year statute of limitations has elapsed.[11] To the extent that the Amended Complaint contains any wrongful termination claim, such a claim fails to state a claim upon which relief may be granted.

2. Stalking and Harassment

To the extent that the Amended Complaint seeks to assert Tennessee state law claims for "stalking" or "harassment," those are criminal charges rather than private tort causes of action.[12] Moreover, the Amended Complaint does not allege that JTM ever contacted him without consent.[13]

---

[7] *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681).
[8] *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Circ. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).
[9] Am. Compl., supra.
[10] 29 U.S.C. § 626(d); 42 U.S.C. § 2000c-5(f)(1).
[11] Tenn. Code. Ann. § 4-21-311(d).
[12] Tenn. Code Ann. 39-17-308; Tenn. Code Ann. § 39-17-315.
[13] *See Gamrat v. Allard*, 320 F. Supp. 3d at 946 (internal citations omitted.)

Plaintiff alleges that a "character" was stalking him in the woods, but he does not say who this person was or allege that the mysterious person was an employee or agent of JTM.[14] Plaintiff's Amended Complaint likewise fails to allege any specific acts by JTM to harass or stalk Plaintiff.

3. <u>Assault</u>

Under Tennessee law, to establish the elements of the intentional tort of assault, a claimant must show "an act tending to do corporal injury to another, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person."[15] Moreover, "the intentional tort of assault requires a showing of intent to harm rather than mere intent to frighten."[16]

To the extent that Plaintiff asserts a claim against JTM for assault via the reference to gun shots fired at a school he worked in, the Amended Complaint does not allege any specific acts of JTM. The alleged shooter is not identified, and the there are no allegations that the unidentified shooter was connected to JTM in any way. Accordingly, to the extent that the Amended Complaint asserts claims of stalking or assault against JTM, the same fail to state a claim upon which relief may be granted.

4. <u>Conversion</u>

Plaintiff states that there were "thefts against" him.[17] To the extent that the Amended Complaint may be read to assert claims for conversion of property against JTM, the following elements must be met:

> The elements of a conversion claim include: (1) an appropriation of another's tangible property to one's use and benefit; (2) an intentional exercise of dominion

---

[14] Am. Coml. p. 2.
[15] *Hughes v. Metro. Gov't of Nashville & Davidson County*, 340 S.W.3d 352, 369 (Tenn. 2011) (citing *Huffman v. State*, 292 S.W.3d 738, 742 (Tenn. 1956)).
[16] *Id.*
[17] Am. Compl. p. 3.

4

over the chattel alleged to have been converted; and (3) defiance of the true owner's rights to the chattel.[18]

However, Plaintiff does not allege any specific acts of JTM unlawfully taking Plaintiff's property. The Amended Complaint does not identify the actor or the parties responsible for the alleged theft, nor does it identify what property was stolen. To the extent that the Amended Complaint seeks to assert claims of conversion, it is subject to dismissal under Rule 12.

5. <u>Entrapment, denial of unemployment, and denial of right to religion</u>

Three of Plaintiffs claims—entrapment, denial of unemployment, and denial of right to religion—only apply to state actors. Entrapment is a defense used when a defendant claims that a state actor induced them to commit criminal acts.[19] Plaintiff did not allege specific acts by JTM, and JTM is not a state actor. Therefore, a claim of entrapment under either federal or Tennessee state law is improper.[20] Even if Plaintiff alleged specific acts of JTM, they would be invalid to support his claim, as an essential element of both claims is that the person denying the right is a state actor.

Similarly, as Plaintiff alleges in his Amended Complaint, the Tennessee Department of Labor handles unemployment claims in the state of Tennessee. While JTM is Plaintiff's former employer, it does not and cannot process, grant, or deny unemployment benefits applications.

Finally, a private actor cannot deny someone's First Amendment rights, including their freedom of religion.[21] A claim related to freedom of religion is only actionable if the state actor

---

[18] *White v. Empire Express, Inc.*, 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012).
[19] See *State v. Blackmon*, 78 S.W.3d 322, 333 (Tenn. Ct. App. 2001) (discussing the separate legal defenses of "(1) the defense of entrapment subjective test; (2) the defense of entrapment objective test; and (3) the 'due process' entrapment defense.").
[20] "To establish entrapment, a defendant must establish two related elements: '(1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to engage in the criminal activity.'" *United States v. Sutton*, 769 F. App'x 289, 297 (6th Cir. 2019) (quoting *United States v. Khalil*, 279 F.3d 358, 364 (6th Cir. 2002)).
[21] *Canter v. Disability Network W. Mich.*, 2023 U.S. App. LEXIS 23369, *13 (citing *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)).

denies the right or if a private actor is performing a public function. However, in the allegations contained in Plaintiff's Amended Complaint, it is clear that JTM is a private actor that performs private functions. To the extent that the Amended Complaint asserts such claims against JTM, they fail to state a claim upon which relief may granted as to JTM.

6. Conspiracy

Plaintiff's Amended Complaint at several points mentioned the term "conspiracy" and alleged that defendants worked together. Plaintiff did not state what unlawful act or unlawful purpose the defendants had a conspiracy to commit. Under Tennessee law, the elements for a civil conspiracy are:

> (1) a common design between two or more persons; (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means; (3) an overt act in furtherance of the conspiracy; and (4) injury to person or property resulting in attendant damage.[22]

Plaintiff stated that Josh Tollett and JTM "acted through state actors that include TN unemployment and the Cumberland County, TN Sheriff's Dept. obstructing justice to make me appear incompetent, a threat, and a menace while participating in denying me equal protection."[23] Plaintiff also stated that the superintendent, who was not named as a defendant, began to sabotage and attempt to make him appear incompetent.[24] To the extent that this may be considered an attempt to allege civil conspiracy, the Amended Complaint does not allege any specific acts, let alone any unlawful act or unlawful purpose, by JTM. The allegations in the Amended Complaint are "bare allegations" presented without the necessary "factual context" to "render [them]

---

[22] *Hauck Mfg. v. Astec Indus.*, 375 F. Supp. 2d 649, 660 (E.D. Tenn. 2004); see also *Menuskin v. Williams*, 145 F.3d 755, 770 (6th Cir. 1998); *Braswell v. Carothers*, 863 S.W.2d 722, 727 (Tenn. Ct. App. 1993).
[23] Am. Compl. p. 4-5.
[24] Am. Compl. p. 2.

6

plausible and thus entitle [them] to a presumption of truth at this stage in the litigation."[25] Even when construed in the light most favorable to Plaintiff, the allegations statements in Plaintiff's Amended Complaint do not state a claim for civil conspiracy upon which relief may be granted, and are subject to dismissal under Rule 12.

CONCLUSION

WHEREFORE, defendant Josh Tollett Masonry respectfully asks this Court to dismiss Plaintiff Gregory Ryan Webb's Complaint under Federal Rule of Civil Procedure 12, with prejudice, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

LEWIS THOMASON, P.C.

By: *s/Peter Robison*
    Peter C. Robison, BPR #27498
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    (615) 259-1366
    probison@lewisthomason.com

*Counsel for Defendant Josh Tollett Masonry*

---

[25] *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 374 (6th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681).

**CERTIFICATE OF SERVICE**

This certifies that a true and correct copy of the foregoing JOSH TOLLETT MASONRY'S MOTION TO DISMISS has been served on the following:

| | |
|---|---|
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ Email | Gregory Ryan Webb<br>329 E. Tanner<br>Waverly, IL 62692 |

This the 11th day of April, 2025.

/s/ *Peter Robison*
Peter Robison