## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **GREGORY RYAN WEBB,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **No. 3:25-cv-00020** |
| **v.** | ) |
| | ) |
| **TN UNEMPLOYMENT,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION AND ORDER

Gregory Ryan Webb, a resident of Waverly, Illinois, filed this pro se action under 42 U.S.C. § 1983. (Doc. No. 1). He filed his original Complaint (Doc. No. 1) against "TN Unemployment" and Joshua Tollett Masonry followed by an Amended Complaint (Doc. No. 6), Motion in Support of Amended Complaint (Doc. No. 10), and a Motion to Amend/Correct Amended Complaint (Doc. No. 14). Plaintiff also has filed a "Motion" relating to summonses (Doc. 2), three Motions for a Temporary Restraining Order (Doc. Nos. 7, 8, 9), Motion for a Preliminary Injunction (Doc. No. 11), Motion for Vacation Pay (Doc. No. 13), and a Motion to Serve Summons (Doc. No. 15).

Defendant Joshua Tollett Masonry has filed a Motion to Dismiss for Failure to State a Claim (Doc. No. 17), to which Plaintiff has not responded.

The Court must first resolve the matter of the filing fee before moving to Plaintiff's motions and the required screening of this in forma pauperis complaint.

### I. FILING FEE

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 3) The Court may authorize a person to file a civil suit without paying

1

the filing fee. 28 U.S.C. § 1915(a). To grant such authorization, the Court requires sufficient information to determine "whether the court costs can be paid without undue hardship." Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001).

In his IFP Application, Plaintiff states that his monthly income totals "less than 1000", his monthly expenses total "$2000ish", and he currently has less than $1 in "Cash App" and Venmo. (Doc. No. 3). Because Plaintiff's IFP Application reflects that he is unable to bear the costs of paying the filing fee in this case, the IFP Application (Doc. No. 3) is **GRANTED**.

## II. MOTIONS FOR TEMPORARY RESTRAINING ORDERS ("TRO MOTIONS")

Plaintiff has filed three Motions for a Temporary Restraining Order (Doc. Nos. 7, 8, 9). In the first TRO motion, Plaintiff seeks a TRO against Joshua Tollett "with extension(s) due to all stated above and resolvement [sic] timeline being unknown." (Doc. No. 7 at 4). In the second TRO motion, Plaintiff seeks a TRO against Kimberly Jenkins "who's Ms. Hill's co-worker and was participating against me in effort(s) to obstruct and contribute to denying me equal protection." (Doc. No. 8 at 4). Finally, in the third TRO motion, Plaintiff seeks a TRO against Jessica Danielle Hill "for good cause without notice . . . ." (Doc. No. 9 at 4). As explained below, the Court cannot consider the merits of the motions in their current form due to a number of deficiencies.

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ.

P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, Plaintiff's motions were not accompanied a verified complaint, affidavit, or memoranda of law. Most notably, however, Plaintiff has not explained in writing what particular efforts he made to give notice to Defendants or why notice should not be required. Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate the TRO motions on the merits. Even though Plaintiff is proceeding pro se, he must follow the notice requirement. Even if the motions were procedurally compliant, which they are not, the motions do not state what Plaintiff wants to Court to do with respect to Plaintiff's requests for a TRO against the named individuals, two of which are not Defendants to this action. The motions primarily repeat Plaintiff's grievances about his divorce proceedings. Accordingly, Plaintiff's TRO motions (Doc. Nos. 7, 8, and 9) will be denied.

### III. MOTION FOR PRELIMINARY INJUNCTION

Next, Plaintiff has filed a Motion for Preliminary Injunction (Doc. No. 11) in which his only request is for "this Court or any other to recognize court transcripts to Cumberland County, TN Circuit court case no CR-22-130 in which Deputy was set up for failure in court transcripts in Motion and Hearing to dismiss in regard to Body Cam footage disappearing." (Id. at 3).

The Court considers four factors in deciding a motion for preliminary injunction under Federal Rule of Civil Procedure 65: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3)

3

whether issuance of the injunction would cause substantial harm to the opposing party or others; and (4) whether the public interest would be served by the issuance of the injunction. Daunt v. Benson, 956 F.3d 396, 406 (6th Cir. 2020) (citing Bays v. City of Fairborn, 668 F.3d 814, 818-19 (6th Cir. 2012)); see Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The moving party bears the burden of establishing the necessity of a preliminary injunction. McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012).

Plaintiff's only request in his Motion for Preliminary Injunction is for the Court to recognize state-court transcripts in Plaintiff's divorce case. A preliminary injunction is not needed for Plaintiff to make this request. The Court can take judicial notice of the filings in other cases. Accordingly, the Motion for Preliminary Injunction (Doc. No. 11) will be denied.

## IV. MOTIONS PERTAINING TO AMENDING THE COMPLAINT

Plaintiff filed a "Motion in Support of [the First] Amended Complaint" (Doc. No. 10) and a Motion to Amend/Correct Amended Complaint (Doc. No. 14) along with a Proposed Second Amended Complaint (Id., Attach. 1). In the proposed Second Amended Complaint, Plaintiff adds Joshua Tollett as a named Defendant.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Generally, courts have freely allowed amendment of pleadings barring substantial prejudice to the opposing party. Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041 (6th Cir. 1991). Accordingly, the former motion will be granted as will Plaintiff's unopposed Motion to Amend/Correct Amended Complaint. The Second Amended Complaint is the operative pleading going forward.

4

## V. SCREENING OF THE SECOND AMENDED COMPLAINT

The Court must dismiss any action filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Here, the Second Amended Complaint alleges that Plaintiff was laid off from his employment with Josh Tollett Masonry in October 2022; "TN Unemployment obstructed then denied [Plaintiff's] fourteenth amendment right to equal protection under the U.S. Constitution after [Plaintiff] was denied [his] right to file for unemployment" (Doc. No. 14-1 at 18); and Defendants "all acted in conspiracy(s) against [Plaintiff] in both their individual and official capacities." (Id. at 19). The Second Amended Complaint includes numerous other rambling allegations about Defendants and other individuals and entities that appear to be related to other cases that Plaintiff has filed in the Middle District of Tennessee concerning his divorce proceedings. Plaintiff believe that he is the victim of a political conspiracy that affected his

5

divorce proceedings and resulted in the death of at least one judge. As relief, Plaintiff requests $250,000,000 in damages. (Doc. No. 14-1 at 19).

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 539 (6th Cir. 2012) (citing Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010)).

The Second Amended Complaint names three Defendants to this action. Plaintiff alleges claims of entrapment, denial of unemployment, and denial of right to religion against these Defendants under Section 1983. The first Defendant, "TN Unemployment", is not an entity recognized by law. The Court surmises that Plaintiff, who is proceeding pro se, intended to name the Tennessee Department of Labor & Workforce Development ("the Department"), which handles unemployment benefits. Plaintiff's Section 1983 claims against the Department, however, fail as a matter of law.

The doctrine of sovereign immunity is enshrined in the Tennessee Constitution, which provides that "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. "The traditional construction of the clause is that suits cannot be brought against the State unless explicitly authorized by statute." Colonial Pipeline Co. v. Morgan, 263 S.W.3d 827, 849 (Tenn. 2008). This immunity applies to suits against state agencies and officers in their official capacities. Id. The Tennessee Code explicitly prohibits "any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property." Tenn. Code Ann. § 20-13-102(a) (2013). Absent legislation providing otherwise, Tennessee courts have

6

interpreted this statutory provision to hold that the state remains immune from wrongful discharge claims for reinstatement and monetary damages. See Cashion v. Robertson, 955 S.W.2d 60, 63 (Tenn. Ct. App. 1997) (holding no state "statute permitt[ed] discharged state employees to file suit against the state for monetary damages"); Stokes v. Univ. of Tenn. at Martin, 737 S.W.2d 545, 546 (Tenn. Ct. App. 1987) ("Clearly plaintiff's suit seeking reinstatement, back-pay, employment benefits, and attorney's fees, comes within the purview of the statute.").

Here, Plaintiff seeks monetary damages against the Department. Because Plaintiff has not identified any applicable statute that waives immunity in this context to allow monetary relief against the state directly—and the Court has not found such a statute—the Court finds that sovereign immunity prevents this claim from advancing against the Department. See Ingram v. Tenn. Dep't of Labor & Workforce Dev., No. 3:2013-cv-01106, 2013 WL 1965130, at *2-3 (M.D. Tenn. May 10, 2023) (dismissing Section 1983 claim for monetary damages and reinstatement against the Department on sovereign immunity grounds).[1]

The Second Amended Complaint also names Joshua Tollett (Plaintiff's former employer) and his business, Joshua Tollett Masonry, as Defendants to Plaintiff's Section 1983 claims. However, the Second Amended Complaint does not allege that Joshua Tollett Masonry or Joshua Tollett is a state actor. And although a party need not be a government employee or institution to be considered a "state actor" for the purposes of Section 1983, see Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir. 2000), the Second Amended Complaint does not set forth any allegations suggesting that the Court should consider either Defendant a state actor for purposes of Section 1983 analysis. The Court therefore cannot find, based on the existing record, that

---

[1] Plaintiff does not allege that any exception to sovereign immunity applies, and the Court finds that none apply.

either Defendant acted under color of state law with respect to Plaintiff. Thus, Second Amended Complaint fails to state a claim upon which relief can be granted under Section 1983 against Joshua Tollett Masonry or Joshua Tollett, and those claims must be dismissed.

In any event, most the events about which Plaintiff complain occurred in 2021 and 2022. The statute of limitations for a Section 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arise." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for Section 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 F. App'x 114, 116 (6th Cir. 2008). "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Claims accrue and the statute of limitations period begins to run when the plaintiff knows or has reason "to know of the injury which is the basis of his action." Roberson v. Tenn., 399 F.3d 792, 794 (6th Cir. 2005). This inquiry is objective, and courts look "to what event should have alerted the typical layperson to protect his or her rights." Hughes v. Vanderbilt Univ., 215 F.3d 543, 548 (6th Cir. 2000). It is the court's responsibility to "determine whether the alleged precipitating event or events occurred more than a year before [the plaintiff] filed the complaint." Standridge v. Tenn. Dep't of Children's Servs., No. 3:08-CV-133, 2009 WL 348782, at *7 (E.D. Tenn. Feb. 10, 2009).

Here, because most of the alleged precipitating events occurred well over one year before Plaintiff filed this action on January 3, 2025, many of Plaintiff's Section 1983 claims concerning these events would be barred by the governing statute of limitations for Section 1983 claims. Consequently, those claims subject to dismissal on those alternative grounds.

8

To the extent the complaint asks the Court to initiate criminal prosecutions of Defendants for violations of state law (stalking, harassment, conspiracy), the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." Tunne v. U.S. Postal Service, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." Williams v. Luttrell, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this Court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

With respect to termination of Plaintiff's employment, the Second Amended Complaint does not state that his termination was wrongful in any way, only that was terminated in 2022. In any event, to the extent that Plaintiff may be asserting a cause of action under Title VII of the Civil Rights Act, Plaintiff has not shown that he filed timely charges with the Equal Employment Opportunity Commission ("EEOC") or received a right to sue letter along from the EEOC. See Amini v. Oberlin Coll., 259 F.3d 493, 398 (6th Cir. 2001) (before filing suit in federal court under Title VII, a plaintiff must first timely file a relevant charge of discrimination before the Equal Employment Opportunity Commission ("EEOC") or corresponding state agency); 42 U.S.C. § 2000e-5(f)(1) (upon receipt of a notice of right-to-sue from the EEOC or corresponding state agency, the employee has 90 days in which to bring a federal action alleging violation of Title VII).

Finally, with respect to the complaint's state law tort claims (assault, conversion, conspiracy), 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

Id. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." Id. § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court. The Court makes no representations as to the timeliness or viability of such claims.

## VI. CONCLUSION

Based on the foregoing, the following motions filed by Plaintiff are **DENIED**: Doc. Nos. 7, 8, 9, and 11. These motions are **GRANTED**: Doc. Nos. 10, 14. These motions are **DENIED AS MOOT**: 2, 13, and 15.

This pro se action filed by Plaintiff Gregory Ryan Webb is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted under Section 1983 as to Defendants "TN Unemployment", which the Court construes as the Tennessee Department of Labor & Workforce Development, and Joshua Tollett and Joshua Tollett Masonry.

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law tort claims. Those claims are **DISMISSED WITHOUT PREJUDICE**.

The Motion to Dismiss (Doc. No. 17) filed by Defendants Josh Tollett and Josh Tollett Masonry, though very helpful to the Court, is **DENIED AS MOOT** due to the outcome of the required screening of the in forma pauperis complaint.

10

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE